

FILED
4/21/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KSR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

1:25-cr-00214
Judge Mary M. Rowland
Magistrate Judge Maria Valdez
RANDOM/CAT 3

UNITED STATES OF AMERICA

v.

HIAM HMAIDAN

Defendant.

_____/

Case No.:

Violations: Title 18, United States
Code, Sections 1349, 1341, and 2

**UNDER SEAL**

## INDICTMENT

THE SPECIAL NOVEMBER 2023 GRAND JURY charges:

At times material to this Indictment:

### BACKGROUND

### Unemployment Insurance and Pandemic Relief Funding

1.      Unemployment Insurance ("UI") was a joint state and federal program that provided monetary benefits to eligible beneficiaries.  UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own.  Beginning in or around March 2020, in response to the COVID-19 pandemic, multiple federal programs expanded UI eligibility and increased UI benefits, including through the Pandemic Unemployment Assistance ("PUA") Program and Federal Pandemic Unemployment Compensation ("FPUC").

1

2.      The PUA Program allowed individuals who did not qualify for regular unemployment compensation and were unable to continue working as a result of the COVID-19 pandemic, such as self-employed workers, independent contractors, and gig workers, to file for unemployment benefits.  The PUA Program provided benefits to qualifying individuals who were otherwise able to work and available for work within the meaning of applicable state law, except that they were unemployed, partially unemployed, or unable or unavailable to work due to COVID-19 related reasons, as defined in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

### Illinois Department of Employment Security

3.      The Illinois Department of Employment Security ("IDES") oversaw and administered the State of Illinois's UI program.

4.      A claimant seeking UI benefits in the State of Illinois filed an online application through the IDES website, which required the claimant to identify his or her primary occupation, answer certain eligibility questions, and provide Personal Identifying Information ("PII"), including the claimant's name, date of birth, Social Security number, mailing address, telephone number, and email address.  The IDES relied upon the information in these claim applications to determine UI benefits eligibility.

5.      When a UI claim was approved, the IDES distributed UI benefits to the claimant.  At the claimant's option, these UI benefits could be loaded onto a debit card issued through the IDES and its contracted vendors.  The debit card was generally mailed via the U.S. Postal Service to the address provided by the claimant.

6.      Once received by a claimant in the mail, a debit card containing UI benefit payments had to be activated with the vendor via phone.  Once activated, a debit card could be used, like many commercially available debit cards or "prepaid" cards, for retail transactions and to withdraw cash or send cash to others at banks, ATMs, or other money services businesses.

## **Defendant**

7.      **HIAM HMAIDAN** was a resident of Oak Lawn, Illinois.

## COUNT ONE
## (18 U.S.C. § 1349)
## Conspiracy to Commit Mail Fraud

THE SPECIAL NOVEMBER 2023 GRAND JURY further charges:

8. The allegations in Paragraphs 1 through 7 of this Indictment are realleged and incorporated here.

9. From at least in or around May 2020 through at least in or around December 2022, in the Northern District of Illinois and elsewhere, Defendant,

**HIAM HMAIDAN,**

did knowingly and intentionally, that is, with the intent to advance the conspiracy, combine, conspire, and agree with other individuals, known and unknown to the Grand Jury, to commit certain offenses against the United States, namely: mail fraud, that is, to knowingly, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, cause to be sent and delivered a thing by the Postal Service and any private or commercial interstate carrier according to the direction thereon, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1341.

### Purpose and Object of the Conspiracy

10. The purpose and object of the conspiracy was for Defendant and others to (a) submit and cause to be submitted false and fraudulent UI claims in order to obtain UI

4

benefits to which they were not entitled; and (b) conceal the submission of the false and fraudulent claims, and the existence of the conspiracy, from detection.

## Manner and Means

11.     The manner and means by which Defendant and her co-conspirators sought to accomplish, and did accomplish, the purpose and object of the conspiracy included but were not limited to the following:

a.  As part of the conspiracy, **HIAM HMAIDAN** and other co-conspirators obtained PII from individuals, fraudulently applied for UI benefits using that PII, and stole fraudulently obtained proceeds from those UI claims by using debit cards to withdraw cash from ATMs.

b.  It was further part of the conspiracy that **HMAIDAN** and her co-conspirators obtained PII from other individuals for use in the conspiracy.

c.  It was further part of the conspiracy that **HMAIDAN** and her co-conspirators used the PII to make, and cause to be made, material misrepresentations to the IDES, including representations intended to reflect that the individuals whose PII had been obtained were eligible recipients of the UI benefits claimed.

d.  It was further part of the conspiracy that the fraudulent UI claims submitted to the IDES contained materially false statements and representations, including false prior employment information, false information regarding whether the claimant was unemployed as a result of the COVID-19 pandemic, and false contact information for the claimant.

e.  It was further part of the conspiracy that **HMAIDAN** and her co-conspirators provided false information to the IDES with the understanding that the IDES would rely on the information in the fraudulent claims to approve the payment of UI benefits, and issue debit cards in the names of the purported claimants.

f.  It was further part of the conspiracy that **HMAIDAN** and her co-conspirators submitted false weekly certifications to the IDES with the understanding that the IDES would rely on those certifications to add UI benefits to the debit cards.

g.  It was further part of the conspiracy that through their submission of false and fraudulent UI claims, **HMAIDAN** and her co-conspirators caused debit cards to be sent and delivered by the Postal Service and private and commercial interstate carriers, to locations in and around Oak Lawn, Illinois, accessible to **HMAIDAN** and other conspirators.   For example:

  i.  **HMAIDAN** and her co-conspirators caused a debit card ending in 5322 and in the name of Individual B to be mailed to Address 1 in Oak Lawn, Illinois; and

  ii.  **HMAIDAN** and her co-conspirators caused a debit card ending in 6973 and in the name of Individual C to be mailed to Address 1 in Oak Lawn, Illinois.

h.  It was further part of the conspiracy that **HMAIDAN** and her co-conspirators obtained the debit cards loaded with UI benefits, even though **HMAIDAN**

and her co-conspirators knew they were not entitled to the UI benefits loaded on the debit cards.

i.  It was further part of the conspiracy that **HMAIDAN** and her co-conspirators conducted and caused to be conducted financial transactions with the fraudulent proceeds on the debit cards by withdrawing cash from ATMs, among other transactions.

j.  It was further part of the conspiracy that, in total, **HMAIDAN** and her co-conspirators filed and caused to be filed over 700 fraudulent UI claims with the IDES and stole at least approximately $10 million of UI benefits meant to help unemployed persons during the COVID-19 pandemic.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO through SIX
## (18 U.S.C. §§ 1341 and 2)
## Mail Fraud

THE SPECIAL NOVEMBER 2023 GRAND JURY further charges:

12.     The allegations in Paragraphs 1 through 7 of this Indictment are realleged and incorporated here.

13.     Beginning in or around May 2020 and continuing until in or around December 2022, in the Northern District of Illinois and elsewhere, Defendant

### HIAM HMAIDAN,

along with others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, cause to be sent and delivered a thing by the Postal Service and any private or commercial interstate carrier according to the direction thereon, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1341.

### Purpose

14.     The Grand Jury realleges and incorporates by reference paragraph 10 of this Indictment as a description of the purpose of the scheme and artifice to defraud.

### Scheme and Artifice to Defraud

15.     The Grand Jury realleges and incorporates by reference paragraph 11 of this Indictment as a description of the scheme and artifice to defraud.

8

**Use of the Mails**

16.     On or about the dates specified as to each count below, **HIAM HMAIDAN**, in the Northern District of Illinois, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly cause to be sent and delivered a thing by the Postal Service and any private or commercial interstate carrier according to the direction thereon:

| COUNT | Date Mailed | Card Number Ending | Claimant |
|---|---|---|---|
| 2 | November 28, 2020 | 7666 | Individual A |
| 3 | November 30, 2020 | 5322 | Individual B |
| 4 | December 30, 2020 | 6973 | Individual C |
| 5 | January 21, 2021 | 9310 | Individual D |
| 6 | May 24, 2021 | 5582 | Individual E |

All in violation of Title 18, United States Code, Sections 1341 and 2.

**FORFEITURE ALLEGATIONS**

THE SPECIAL NOVEMBER 2023 GRAND JURY further charges:

17.     The allegations contained in paragraphs 1 through 16 of this Indictment are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 928(a)(2)(A).

18.     Upon conviction of an offense in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1341, as set forth in this Indictment, the Defendant shall forfeit to the United States of America any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as the result of such violation, as provided in 18 U.S.C. § 982(a)(2)(A), including, but not limited to, a personal money judgment in an amount to be determined.

19.     Money Judgment.  The property to be forfeited includes, but is not limited to, a sum of money in United States currency representing the total amount of proceeds traceable to the commission of the defendant's violations as alleged in this Indictment.

20.     Substitute Assets. If all or any of the property described above, as a result of an act or omission by a defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

e.      has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of substitute property of **HIAM HMAIDAN** up to the value of the forfeitable property described above.

A TRUE BILL

_____

FOREPERSON

LORINDA I. LARYEA
Acting Chief
Fraud Section, Criminal Division
U.S. Department of Justice

By:

_____

ROBERT SPENCER RYAN
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice

11